UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD KYLES,

    Petitioner,

v.                                            Case No. 12-C-835

MICHAEL MEISNER,

    Respondent.

## SCREENING ORDER

Petitioner Reginald Kyles filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of recklessly endangering safety and other crimes.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner challenges the sufficiency of the evidence to convict him, as well as the sentence he received. The Supreme Court has held, in *Jackson v. Virginia,* 443 U.S. 307 (1979), that the

prosecution must put forward enough evidence of each element of the offense that a rational fact finder could find the defendant guilty beyond a reasonable doubt. The state courts rejected this claim, finding that the evidence was sufficient to uphold his conviction. On federal habeas review, Petitioner must show that the state appellate court was *unreasonable* in reaching its conclusion. 28 U.S.C. § 2254(d)(1).

Petitioner also claims the sentencing court abused its discretion in handing down the maximum sentence. Much of this argument is addressed to the discretion of the sentencing court and attempts to second-guess that court's weighing of various factors under state law. Because Petitioner is *pro se*, for present purposes I may reasonably construe the present claim as being at least partly a challenge under federal constitutional law. Construed as such, it states a colorable federal habeas claim. This does not preclude the State from arguing that he failed to exhaust such a claim by fairly presenting it as a federal claim to the state courts.

Because these are at least colorable constitutional issues, the petition will be allowed to proceed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS ALSO ORDERED** that the Motion for Leave to Proceed *in forma pauperis* [2] is denied as **MOOT**. Petitioner has paid the $5.00 filing fee.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims (Petitioner's brief having already been filed): (1) respondent shall have

2

60 days within which to file a brief in opposition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

3

secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**SO ORDERED** this  27th  day of August, 2012.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge